UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

                                                            Chapter 7
Thomas R. Heavey,                                           Case No. 14-46201 (NHL)

                              Debtor.
-------------------------------------------------------------------x
John S. Pereira, as Chapter 7 Trustee
of the estate of Thomas R. Heavey,


                              Plaintiff,                    Adv. Pro. No. 15-01064 (NHL)

              -against-

397 Realty LLC,


                              Defendant.
-------------------------------------------------------------------x


## DECISION ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT


Appearances:

John P. Campo                                  David H. Singer
Troutman Sanders LLP                           233 Broadway
875 Third Avenue                               Suite 810
New York, NY 10022                             New York, NY 10279
*Attorney for Trustee*                         *Attorney for Defendant*




NANCY HERSHEY LORD
UNITED STATES BANKRUPTCY JUDGE

Plaintiff John S. Pereira ("Trustee"), trustee of the estate of Thomas Heavey ("Debtor"), brought this adversary proceeding against 397 Realty LLC ("Defendant") seeking to avoid or declare invalid a judgment lien against the estate's largest asset, a building located at 397 Fifth Avenue in Park Slope, Brooklyn, New York ("Property").

The Trustee now moves for summary judgment on the basis that the Defendant's lien on the Property expired pre-petition and was not successfully extended, because although the Defendant obtained an order from Supreme Court, New York County, extending the lien pursuant to CPLR § 5203(b) ("Extension Order"), the Kings County Clerk's judgment docket contained no entry of that order as of December 9, 2014, the filing date of the Debtor's present bankruptcy petition ("Petition Date").[1]  The Trustee further contends that the Defendant's post-petition actions, which resulted in the Kings County Clerk docketing the Extension Order, violated the automatic stay provided by § 362(a)(4). Defendant cross moves for summary judgment, alleging that the Trustee cannot avoid the lien, because he had constructive notice of the Extension Order due to the duty of inquiry that a theoretical bona fide purchaser of real property would have had after examining the Kings County Clerk's records.  For the reasons fully explained in this opinion, the Court grants summary judgment to the Trustee and denies the Defendant's cross motion for summary judgment.

### Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

---

[1] All references to CPLR are to the New York Civil Practice Law and Rules. All other statutory references are to 11 U.S.C. et seq. ("Bankruptcy Code" or "Code") and all references to Rules are to the Federal Rules of Bankruptcy Procedure, unless otherwise noted.

This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Background

The Defendant is the assignee, as of May 17, 2013, of a $1,165,704.11 judgment obtained by AXA Corporate Solutions Insurance Company against the Debtor, and others, in Supreme Court, New York County, on or around March 11, 2004. Cross Mot. for Summ. J., Ex. B, ECF 14-5; Cross Mot. for Summ. J, Ex. C, ECF 14-6.[2] The Judgment was filed in the New York County Clerk's judgment-roll and entered in the New York County Clerk's judgment docket on March 11, 2004. Cross Mot. for Summ. J., Ex. C, ECF 14-6. The Judgment was entered in the Kings County Clerk's judgment docket on September 8, 2004. Pisciotta Decl., Ex. B, p.11, ECF 12-2. The docketing in Kings County created a lien on any property owned by the Debtor in Kings County, including the Property, from the time of docketing until the expiration of ten years from the filing of the judgment-roll; that is, until March 11, 2014.

The Judgment was docketed again, subsequent to the May 2013 assignment, on July 16, 2013. Pisciotta Decl., Ex. B, p.23, ECF 12-2. Because under CPLR § 5203(a) the longevity of a judgment lien is determined solely with respect to the March 11, 2004, filing of the judgment-roll, this subsequent docketing did not change the fact that, in the absence of an extension, the Defendant's lien would expire on March 11, 2014. To extend the life of its lien on the Property, the Defendant filed a motion for an extension in Supreme Court, New York County. Cross Mot. for Summ. J., Ex. K, p.2, ECF 14-4. That court signed the Extension Order on March 6, 2014. *Id.* In accordance with CPLR § 5203, the Extension Order specifies that it "shall be effective from the time it is filed with the clerk of Kings County, being the county in which the real estate

---

[2] Citations to "ECF" are to documents filed on docket of this proceeding, identified by docket number.

of the [Debtor] is located, and an appropriate entry is made on the docket of the judgment."
Cross Mot. for Summ. J., Ex. K, ECF 14-4.

The Defendant claims that it filed the Extension Order with the Kings County Clerk on
March 26, 2014. Cross Mot. for Summ. J., Ex. K, p.2, ECF 14-4.[3]  Ordinarily, this would have
triggered entry of the Extension Order in the Kings County Clerk's judgment docket.  However,
due to what appears to be a clerical error, the Kings County Clerk failed to docket the Extension
Order contemporaneously with its purported filing. Cross Mot. for Summ. J., Def's Mem. of law
in Supp. of Cross Mot., p.2-3, 9, ECF 14-1.

The Defendant caused a sheriff's sale of the Property to be scheduled for April 9, 2014.
However, the Debtor's April 8, 2014, chapter 11 petition stayed that sale. Cross Mot. for Summ.
J., Ex. G, ECF 14-10; Case No. 14-41708-NHL.  On November 24, 2014, the Debtor's chapter
11 case was dismissed.  Then, on December 9, 2014, the Debtor filed the instant bankruptcy case
under chapter 7. Order Dismissing Chapter 11 Case, Case No. 14-41708-NHL; Case No. 14-
46201, ECF 1.

The Trustee commenced this adversary proceeding on June 8, 2015, contending that,
because the Defendant's judgment lien had expired as of the Petition Date, the Defendant is a
general unsecured creditor.  Furthermore, to the extent the lien exists, the Trustee seeks to avoid
it under § 544. Compl., ECF 1.

A search of the Kings County judgment docket on June 10, 2015, revealed that the

---

[3] The Trustee disputes this fact. Counterstatement of Material Facts, p.3, ¶ 11, ECF 17.  However, as a matter of
law, under CPLR § 5203(b) (and the text of the Extension Order itself) for an extension order to be effective, not
only must it be filed with the clerk of the county in which the property is located, an appropriate entry must be made
in the judgment docket.  Here, the second requirement was not met until after the Petition Date.  Thus, for the
reasons more fully set forth in this opinion, whether the Defendant satisfied the first requirement by filing the
Extension Order before the Petition Date is not a material issue of fact for the purposes of ruling on these motions
for summary judgment.

3

Extension Order had not been docketed as of that date. Pisciotta Decl., Ex.D, ECF 12-4–12-5.

The Defendant asked the Kings County Clerk to check what happened to the Extension Order.

Cross Mot. for Summ. J., Def's Mem. of law in Supp. of Cross Mot., p.9, ECF 14-1.  The Kings

County Clerk responded by entering the Extension Order in the Kings County Clerk's judgment

docket. Cross Mot. for Summ. J., Ex. N, ECF 14–17; Pisciotta Decl., Ex. E, p. 6–8, ECF 12-6.

In response to the post-petition docketing of the Extension Order, the Trustee amended

his complaint to assert that the Defendant's action violated the automatic stay, warranting

sanctions, and that the post-petition docketing of the Extension Order constituted an avoidable

post-petition transfer. Am. Compl., ECF 6.

The Trustee argues that, as of the Petition Date, the Kings County Clerk's judgment

docket did not reflect any extension of the Defendant's lien and therefore, under New York law,

the lien had expired and was of no effect.  The Defendant responds that while it may be true that

a person searching the Kings County Clerk's judgment docket on the Petition Date would have

found only evidence of an expired lien, under the totality of the circumstances, notice of a valid

lien should be imputed to a theoretical bona fide purchaser (herein embodied by the Trustee,

pursuant to § 544(a)(3)).

<strong>Legal Standard</strong>

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56,

made applicable to bankruptcy proceedings by Rule 7056.  Federal Rule of Civil Procedure 56

provides, in pertinent part, that "[t]he court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court

looks to "pleadings, depositions, answers to interrogatories, and admissions on file, together with

4

the affidavits, if any," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and reviews the

evidence in the light most favorable to the non-moving party, with all inferences drawn in favor

of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–

88 (1986); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

While the initial burden is on the movant to demonstrate the absence of a genuine dispute

of material fact with particular cites to the record, *Celotex*, 477 U.S. at 323; *Marvel*, 310 F.3d at

286, the non-moving party cannot defeat summary judgment by merely casting doubt on some of

these facts, *Kulak v. City of New York*, 88 F.3d 63, 71.  The non-moving party must point to

disputed facts, and show sufficient evidence with respect to these facts, such that a reasonable

trier of fact could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248–49 (1986); *Matsushita*, 475 U.S. at 586–87.  The court's task is "to determine

whether a genuine issue as to any material fact exists, not to resolve any factual issues." *In re

Hanna*, 163 B.R. 918, 922 (Bankr. E.D.N.Y. 1994) (citing *Celotex*, 477 U.S. at 330).  A fact is

material if it "might affect the outcome of the suit under the governing law," and a dispute is

genuine "if the evidence is such that a reasonable [finder of fact] could return a verdict for the

nonmoving party." *Anderson*, 477 U.S. at 248.

**Discussion**

**A.  The Judgment Lien Under CPLR § 5203**

The New York statutory regime governing real property "protect[s] purchasers with an

interest in real property without record notice of prior encumbrances and [ ] create[s] a public

record to meet this end." *Gletzer v. Harris*, 12 N.Y.3d 468, 473 (2009).  Because notice is

paramount, a "lien does not attach until the judgment is docketed in the county where the land

lies . . . . [O]nly a docketing of the judgment in the office of the county clerk will bring about the

5

lien." *Id.* A judgment lien holder can enforce its secured interest in real property "from the time

of the docketing of the judgment with the clerk of the county in which the property is located

until ten years after filing of the judgment-roll" in the county where the judgment was rendered.

CPLR § 5203(a). Here, the judgment-roll was filed in New York County on March 11, 2004,

and therefore, in the absence of an extension, the lien was set to expire in any county in which it

had been docketed, including Kings County, on March 11, 2014. Cross Mot. for Summ. J., Ex.

C, ECF 14-6.

CPLR § 5203(b) provides a mechanism for extending the effectiveness of a judgment lien

beyond the ten-year period. It states, in pertinent part, that "[u]pon motion of the judgment

creditor . . . the court may order that the lien of a money judgment upon real property be

effective after the expiration of ten years from the filing of the judgment-roll . . . . *The order*

*shall be effective from the time it is filed with the clerk of the county in which the property is*

*located and an appropriate entry is made upon the docket of the judgment.*" CPLR § 5203(b)

(emphasis added).

Like the initial lien, an extension requires notice in the form of a docket entry. As the

New York Court of Appeals explained:

> [T]hose seeking to secure any interest in real property must be able to rely upon a
> public record to furnish full and complete information of any conveyances, liens or
> encumbrances affecting such property. They should not be penalized for failing to
> unearth an expired lien or not investigating the prospect that it might be subject to
> a pending renewal request. [4]

*Gletzer*, 12 N.Y.3d at 477. Hence, in an effort to preserve its position, the Defendant obtained

the Extension Order and allegedly filed it in Kings County. For reasons unknown, the Extension

Order was not promptly entered on the docket. Thus, as of the Petition Date, the judgment lien

---

[4] In *Gletzer*, the plaintiff sought to extend the lien at issue pursuant to CPLR § 5014. Nevertheless, the Court of
Appeals' explanation of the purpose of the New York recording regime is instructive.

was expired.

The entry on the judgment docket, made sometime after June 10, 2015, lists the date of March 26, 2014, which is the date that the Defendant allegedly filed the Extension Order in Kings County. Cross Mot. for Summ. J., Ex. N, ECF 14-17; Pisciotta Decl., Ex. E, p. 6-8, ECF 12-6. Nevertheless, the Court finds that the eventual entry of the Extension Order on the King's County docket cannot properly be construed as "relating back" to March 2014.

"[N]unc pro tunc treatment" of an extension order "would be inimical to [New York] State's commitment to record notice based upon the certainty of a docketing system that alerts potential purchasers and lienholders to encumbrances upon real property." *Gletzer*, 12 N.Y.3d at 477. The purpose of *nunc pro tunc* treatment is to "correct irregularities in the entry of judicial mandates or like procedural errors." *Mohrmann v. Kob*, 291 N.Y. 181, 186 (1943). However, the power of the court to correct clerical errors may not be used when the substantive rights of third parties will be affected. *Gletzer*, 12 N.Y.3d at 476. Furthermore, *nunc pro tunc* treatment of unperfected interests is "repugnant to the statutory rights of bona fide purchasers for value who record their interests first." *Wells Fargo Bank, NA v. Perry*, 875 N.Y.S.2d 853, 857 (Sup. Ct. Suffolk Cty. 2009). Accordingly, the subsequent entry of the Extension Order on the King's County Docket cannot remedy the non-enforceability of the expired lien on the Petition Date.

### B. Avoidance Under § 544(a)(3)

Nevertheless, the Defendant argues that on the facts of this case, New York law would impute constructive notice of the Extension Order to a purchaser on the Petition Date. Therefore, according to the Defendant, (1) the lien is effective and (2) the Trustee is not entitled to avoid it as a bona fide purchaser of real property ("BFP") under § 544(a)(3). Cross Mot. for Summ. J., Def's Mem. of Law in Supp. of Cross Mot., pp.4-8, ECF 14-1.

7

Section 544(a)(3) provides in pertinent part:

(a) The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . .
   (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such purchaser exists.

11 U.S.C. § 544(a)(3).

The purpose of the "strong arm power" under § 544(a) is to aid the trustee in recovering property for the estate in order to maximize the return to creditors. *In re Johnson*, 28 B.R. 292, 297 (N.D. Ill. 1983). To that end, the strong arm power enables the trustee to avoid unperfected security interests and "secret liens," among other things. Collier on Bankruptcy ¶ 544.02 (15th rev. ed. 2015).  Because the statutory language "without regard to any knowledge of the trustee or of any creditor" refers to actual knowledge, a trustee's actual knowledge of an encumbrance or a pending renewal request is irrelevant. *Id.* However, a trustee's constructive notice of a defect in title will defeat his hypothetical BFP status. *Id.*; *see In re Minton Group*, 27 B.R. 386, 388 (Bankr. S.D.N.Y. 1983), *aff'd on other grounds*, 46 B.R. 222 (S.D.N.Y. 1985).

State law determines whether a bankruptcy trustee is entitled to BFP status. *O'Connell v. JPMorgan Chase Bank Nat. Ass'n*, No. 12-CV-1951, 2012 WL 6151972, at *2 (E.D.N.Y. Dec. 11, 2012) (citing cases); Collier on Bankruptcy ¶ 544.02 (15th rev. ed. 2015). In New York, a BFP is one who makes a purchase in good faith, without notice of adverse interests in the property, and for valuable consideration. *In re Cerrato*, 504 B.R. 23, 33 (Bankr. E.D.N.Y. 2014). A good faith purchaser is presumed to have examined all properly recorded instruments and to have made a thorough inquiry into the facts those instruments disclose. Therefore, a prospective BFP may be charged with constructive notice of all matters in the record. *Fairmont Funding,*

*Ltd. v. Stefansky*, 754 N.Y.S.2d 54, (N.Y. App. Div. 2003); *In re Hardway Rest. Inc.*, 31 B.R.

322, 330 (Bankr. S.D.N.Y. 1983). In sum, "constructive notice can be implied if the purchaser

would have uncovered an adverse interest through '(1) an examination of the county record as to

the subject property, (2) reasonable inquiry of those in actual possession, or (3) reasonable

inquiry on the basis of all known circumstances.'" *In re Cerrato*, 504 B.R. at 33 (Bankr.

E.D.N.Y. 2014) (quoting *In re Asher*, 488 B.R. 58, 72-73 (Bankr. E.D.N.Y. 2013)).

Accordingly, constructive notice would clearly be imputed if the Kings County Clerk's

judgment docket reflected the Extension Order on the Petition Date. *See Asher*, 488 B.R. at 72-

73 (Bankr. E.D.N.Y. 2013) ("Constructive notice is a legal fiction and leads to the imputation of

knowledge of all facts, if apparent in the county record or likely to have been disclosed during a

diligent inquiry, to any purchaser."). The Defendant cites *O'Connell v. JPM Chase*, 2012 WL

6151972 (Bankr. E.D.N.Y. 2012), for the proposition that under New York law knowledge of

documents outside the record can be imputed to defeat BFP status in certain situations. In

*O'Connell*, the court found that the trustee had constructive notice of a first mortgage that was

not properly recorded because it was mentioned in a properly recorded and presently existing

second mortgage. The *O'Connell* court relied on *Astoria Fed. Sav. & Loan Ass'n v. June*, 190

593 N.Y.S.2d 250 (2d Dep't 1993), which similarly held that a purchaser and second mortgagee

had constructive notice of a first mortgage, which was not properly recorded, because the

existence of the first mortgage was clearly recited in the deed conveying the encumbered

property to the purchaser's predecessor in interest, and that deed was properly recorded.  The

*Astoria Fed. Sav. & Loan Ass'n* court explained:

> The intended purchaser must be presumed to have investigated the title, and to have
> examined every deed or instrument properly recorded, and to have known every
> fact disclosed or to which an inquiry suggested by the record would have led. If the
> purchaser fails to use due diligence in examining the title, he or she is chargeable,

as a matter of law, with notice of the facts which a proper inquiry would have disclosed.

*Astoria Fed. Sav. & Loan Ass'n v. June*, 190 A.D.2d at 645.

However, the holdings of *O'Connell* and *Astoria Fed. Sav. & Loan Ass'n* only extend to situations in which a searcher would have found enough information in properly recorded instruments to put him on notice of the prior encumbrance, thereby vindicating the notice principals essential to New York property law. The instant facts are distinguishable from both *O'Connell* and *Astoria Fed. Sav. & Loan Ass'n*, because all that the Kings County Clerk's judgment docket showed on the Petition Date was the existence of an expired lien.[5]

The Defendant argues that a hypothetical BFP would be on constructive notice based upon its March 26, 2014 filing of the Extension Order. But, notwithstanding the Defendant's intention of, or attempts at, docketing, the mere act of filing with the Kings County Clerk cannot reasonably be construed to put a prospective purchaser on notice when the Extension Order was not made a part of the searchable public record until June of 2015. Also, the filing and docketing of the Defendant's judgment in Kings County on July 16, 2013, would not, in any respect, put a purchaser on the Petition Date on constructive notice of the Extension Order, because for the reasons previously discussed, the July 16, 2013 entry simply reflects a lien that, by its terms, expired on March 11, 2014. Pisciotta Decl., Ex. B, p. 23, ECF 12-2. Moreover, the fact that the Extension Order was filed and docketed in New York County on March 10, 2014, did not put a hypothetical purchaser on constructive notice of the lien on the Property, because under the New York real property regime, the significant event is docketing in the county where the property is

---

[5] Additionally, *O'Connell* and *Astoria Fed. Sav. & Loan Ass'n* concerned unquestionably valid but arguably unperfected mortgages, whereas the judgment in this case only became a lien on the Property pursuant to the CPLR, and the judgment lien should thus be strictly held to the statutory requirements governing its creation and continuation.

10

located, because only this local docketing creates a lien on the real property. CPLR § 5203(b).

Thus, none of the facts that the Defendant points to as providing constructive notice would

actually have provided any notice whatsoever to a purchaser who searched the records in the

county where the Property is located. This fundamentally distinguishes the facts of the instant

case from those in *O'Connell* and *Astoria Fed. Sav. & Loan Ass'n*.

Additionally, the Defendant argues that a hypothetical BFP for value would be on

constructive notice because the sheriff's sale of the Property was advertised, "putting the whole

world on notice." Cross Motion for Summary Judgment, Mem of Law, p.6, ECF 14-1. However,

publication notice is not sufficient to defeat a purchaser's BFP status because, as has already

been stated, New York is committed to a system of "record notice based upon the certainty of a

docketing system that alerts potential purchasers and lienholders to encumbrances upon real

property." *Gletzer*, 12 N.Y.3d at 477. Similarly, the Defendant is incorrect that constructive

notice should be imputed to the Trustee because a purchaser who obtained a title report on the

Property would have had notice of the Extension Order. A purchaser is entitled to rely on the

records of the county in which the property is located and is not required to examine a title

report.

In sum, the Defendant is not able to demonstrate that there was anything in the Kings

County Clerk's judgment docket that would have put a purchaser on notice of the fact that the

Extension Order had been obtained and filed (though not docketed) with the Kings County Clerk

on March 26, 2014. While the result in this case may appear harsh, "[r]esponsibility for ensuring

that the docketing is properly executed should be borne by the judgment creditor, who can

determine the accuracy of the docket entry with relative ease and is the primary beneficiary of

the record's constructive notice effect." New York Civil Practice: CPLR ¶ 5018.11 (2d ed.

2015). There is no reason for the Court to deviate from the plain language of CPLR § 5203(b),

which provides that an extension order is only effective upon docketing in the county where the

property is located. Accordingly, New York courts would not impute to a purchaser constructive

notice of the Defendant's purported lien as of the Petition Date under these facts, and the Trustee

is entitled to avoid the lien under § 544(a)(3).

### D. Legislative Purpose of CPLR § 5203

The legislative history of CPLR § 5203 also weighs in the Trustee's favor. In 2010 the

New York State Legislature added subsection (c) to CPLR § 5203 to protect the prevailing party

in a New York action from what would otherwise be the consequences of a bankruptcy filing that

occurred after a court made a determination on the record, but before the determination was

reduced to a judgment and docketed. 11-5203 New York Civil Practice: CPLR P 5203.21 (2015);

*See Musso v. Ostashko*, 468 F.3d 99, 106 (2d Cir. 2006). CPLR § 5203(c) provides that so long

as a judgment is docketed within 30 days after a court has made "a written or oral determination

on the record," the docketing will be effective as of one day prior to that determination for the

sole purpose of giving the judgment priority over a judicial lien created by the filing of a

bankruptcy petition. CPLR § 5203(c).

Thus, it is clear that the New York State Legislature is aware of the interplay between

CPLR § 5203 and the Bankruptcy Code because when the Legislature added CPLR § 5203(c) in

2010 it saw fit to keep the requirements of CPLR § 5203(a) and § 5203(b) intact.

### E. Violation of the Automatic Stay

The Trustee's final contention is that the Defendant's actions, which resulted in the Kings

County Clerk's post-petition docketing of the Extension Order, violated the automatic stay

provided by 11 U.S.C. § 362(a)(4). Am. Compl., p. 9, ECF 6.

Section 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of

the estate." For purposes of § 362 the Second Circuit has interpreted "act" broadly, and it is well

established that an "act" for purposes of a § 362(a)(4) violation need not be significant, or even

be an "act" at all. *See In re Parr Meadows Racing Ass'n*, 880 F.2d 1540, 1545 (2d Cir. 1989).

For example, the creation or perfection of a post-petition lien violates the automatic stay even

when such creation or perfection becomes effective by operation of law. *Id.* (citing *In re Bellman*

*Farms, Inc.*, 86 B.R. 1016, 1020 (Bankr. D.S.D. 1988)). This broad interpretation of "act"

recognizes that the automatic stay is "a crucial provision of bankruptcy law," designed to protect

creditors by ensuring that no party receives more than its equitable share. *Parr Meadows*, 880

F.2d at 1545.

The Defendant responds that its actions did not violate the automatic stay because

counsel "merely asked the Kings County Clerk to check what happened to [Defendant's] filed

Order extending its lien," which was an attempt to "extend, continue, or renew" an otherwise

valid statutory lien, something which is permissible because it merely maintains the status quo.

Cross Mot. for Summ. J., Def's Mem. of law in Supp. of Cross Mot., p.8-9, ECF 14-1; *In re*

*Morton*, 866 F.2d 561, 564 (2d Cir. 1989).

Even viewing the facts in the light most favorable to the Defendant, its actions violated

the automatic stay. Regardless of how the Defendant chooses to characterize its actions, they

directly resulted in the Kings County Clerk docketing the Extension Order (and with purported

*nunc pro tunc* effect). Cross Mot. for Summ. J., Ex. N, ECF 14-17;  Pisciotta Decl., Ex. E, pp. 6-

8, ECF 12-6. In light of the fact that there was no lien on the Property on the date of the

Defendant's counsel's inquiry as the lien had expired pursuant to CPLR § 5203(a), this act

clearly sought to "create, perfect, or enforce" a lien against property of the estate, and therefore,

it was a violation of the automatic stay.

## Conclusion

For the foregoing reasons, the Trustee's motion for summary judgment is granted and the Defendant's cross motion for summary judgment is denied. The Defendant's lien on the Property is declared void and of no effect; and to the extent that it may exist, it is avoided pursuant to § 544(a)(3). Furthermore, by taking action which resulted in the post-petition docketing of the Extension Order, the Defendant violated the automatic stay. The Court shall hold a further hearing on whether the imposition of sanctions is warranted under the circumstances. A separate Order and Judgment will issue.



**Dated: March 31, 2016**
        **Brooklyn, New York**

**Nancy Hershey Lord**
**United States Bankruptcy Judge**