# EXHIBIT A
# SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x
In re                                : Chapter 7
                                     :
THOMAS R. HEAVEY,                    : Case No. 14-46201 (NHL)
                                     :
          Debtor.                    :
                                     :
------------------------------------x
                                     : Adv. No. 15-01064 (NHL)
JOHN S. PEREIRA, Chapter 7 Trustee for the :
estate of Thomas R. Heavey,          :
                                     :
          Plaintiff,                 :
                                     :
Vs.                                  :
                                     :
397 REALTY LLC,                      :
                                     :
          Defendant.                 :
------------------------------------X
JOHN S. PEREIRA, Chapter 7 Trustee for the : Adv. No. 17-01010 (NHL)
estate of Thomas R. Heavey,          :
                                     :
          Plaintiff,                 :
                                     :
     vs.                             :
                                     :
PROMPT MORTGAGE PROVIDERS OF         :
NORTH AMERICA, LLC,                  :
                                     :
          Defendant.                 :
------------------------------------x

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of this 14th day of November, 2019, by and between John S. Pereira, as chapter 7 Trustee (the "Trustee") for the estate of Thomas R. Heavey (the "Debtor"), and defendants Prompt Mortgage Providers of North America, LLC ("Prompt") and 397 Realty LLC ("397 Realty," and together with Prompt, the "Defendants," and, along with the Trustee and Prompt, each a "Party," and collectively the "Parties").

- 2 -

WHEREAS, on June 8, 2015, the Trustee filed a complaint against 397 Realty, as amended on June 29, 2015 [Adv. Doc. No. 6] (the "397 Realty Complaint"), seeking to, *inter alia*, avoid or declare invalid a judgment lien encumbering the Debtor's property located at 397 Fifth Avenue, Brooklyn, New York 11215 (the "Property") (the "397 Realty Adv. Pro.") ; and

WHEREAS, on July 17, 2015, 397 Realty filed its answer and affirmative defenses to the 397 Realty Complaint [397 Realty Adv. Pro, Adv. Doc. No. 8]; and

WHEREAS, on October 13, 2015, the Trustee filed a motion for summary judgment [397 Realty Adv. Pro, Adv. Doc. Nos. 9-12] and 397 Realty filed a cross-motion for summary judgment [397 Realty Adv. Pro., Adv. Doc. No. 14]; and

WHEREAS, on March 31, 2016, the Court rendered its decision and entered an order and judgment granting the Trustee's motion for summary judgment and denying 397 Realty's cross-motion for summary judgment, and declaring 397 Realty's lien on the Property as void and of no effect and further finding that 397 Realty violated the automatic stay [397 Realty Adv. Pro., Adv. Doc. Nos. 25-27]; and

WHEREAS, one year later, on March 31, 2017, 397 Realty moved for summary judgment (the "397 Realty MSJ") seeking to declare 397 Realty as holder of a valid lien on the portion of proceeds of the sale of the Property due to non-Debtor Staci Weber ("Weber") [397 Realty Adv. Pro., Adv. Doc. No. 50-53], as supplemented [397 Realty Adv. Pro., Adv. Doc. No. 61]; the Trustee filed his opposition to the 397 Realty MSJ [397 Realty Adv. Pro., Adv. Doc. No. 56-57], as supplemented [397 Realty Adv. Pro., Adv. Doc. No. 62]; and 397 Realty filed its reply to Trustee's opposition [397 Realty Adv. Pro., Adv. Doc. No. 59]; and

WHEREAS, the Court has not rendered a decision as to the 397 Realty MSJ; and

WHEREAS, on January 26, 2017, the Trustee filed a complaint against Prompt (the "Prompt Adv. Pro.," and together with the 397 Realty Adv. Pro., the "Adversary Proceeding"), seeking, *inter alia*, to reduce and determine the validity, extent and amount of the mortgage lien asserted by Prompt encumbering the Property, pursuant to Section 506(a) of Title 11 of the United States Code (the "Bankruptcy Code"), the Declaratory Judgment Act, 28 U.S.C. § 2201, and section 5001(a) of the New York Civil Practice Law and Rules (the "CPLR"); and

WHEREAS, on March 6, 2017, Prompt filed its answer, affirmative defenses and counterclaim to the Complaint [Prompt Adv. Pro, Adv. Doc. No. 9]; and

WHEREAS, on March 27, 2017, the Trustee filed his reply to the counterclaim [Prompt Adv. Pro., Adv. Doc. No. 11]; and

WHEREAS, on June 26, 2017, Prompt moved for summary judgment [Prompt Adv. Pro., Adv. Doc. Nos. 22-26], the Trustee filed his cross-motion for summary judgment, response and opposition [Prompt Adv. Pro., Adv. Doc. Nos. 37-40], and Prompt filed its reply to Trustee's opposition [Prompt Adv. Pro., Adv. Doc. Nos. 42-44,46]; and

WHEREAS, on September 30, 2019, the Court issued a decision on Defendant's motion for summary judgment and Trustee's cross-motion for summary judgment [Prompt Adv. Pro., Adv. Doc. No. 71], which granted, in part, Defendant's motion for summary judgment as to the Fourth Count in the Complaint and granted, in part, Trustee's cross-motion for summary judgment as to the First Count in the Complaint and denied summary judgment as the claims for pre-petition and post-petition interest; and

WHEREAS, the Parties wish to compromise and settle all of their claims and disputes upon the terms and conditions set forth herein, so as to resolve any and all such disputes and claims by and among the Parties while avoiding the costs and uncertainty of further litigation, and avoiding the Court having to determine the 397 Realty MSJ; and

WHEREAS, the Trustee has considered the benefit to the Debtor's estate that will be derived from this compromise and settlement and has concluded that said compromise and settlement is in the best interest of the Debtor's estate.

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Parties agree (i) that this Stipulation is subject to the entry of an order of the Bankruptcy Court approving the Stipulation (the "Approval Order") and shall become effective upon entry of the Approval Order (the "Effective Date"); and (ii) entry into this Stipulation is made with the understanding that the Trustee will promptly file a motion seeking the approval by the Bankruptcy Court of this Stipulation (the "Motion") and promptly disburse the Payment Amount (as defined below) on the Effective Date.

2. In full and final settlement of the Adversary Proceedings and any and all other actions or claims between the Trustee, 397 Realty and Prompt:

> i. Upon the Effective Date, the Trustee shall immediately remit a check payable to "David H. Singer & Associates, LLP, as counsel to 397 Realty and Prompt," in the total sum of One Million One Hundred and Thirty Thousand ($1,130,000) US Dollars (the "Settlement Amount"), less the interim distribution amount previously paid by the Trustee in the amount of Three Hundred Thousand ($300,000) US Dollars.

    ii. Upon the Effective Date, Prompt and 397 Realty will waive and will not assert any claim(s) against the Debtor, the Trustee or the Debtor's estate, including any claims arising from the Adversary Proceeding, any claim pursuant to section 502(h) of the Bankruptcy Code and, except as otherwise provided herein, waive any claims to the proceeds of the sale of the Property.

3. Upon the Effective Date, the Parties mutually release, acquit and forever discharge each other (and each of their respective officers, directors, partners, members, employees, agents, stockholders, representatives, attorneys and other professionals, in their individual and representative capacities) from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character or nature whatsoever, known or unknown, filed or unfiled, fixed or contingent, that they may have or claim to have arising out of or connected with any facts, transactions, events or occurrences existing or occurring prior to the date of this Stipulation, relating to or concerning the Debtor, the Debtor's estate and the Adversary Proceeding.

4. If (a) the Bankruptcy Court denies the Rule 9019 Motion, or (b) the Approval Order is not entered by the Bankruptcy Court, this Stipulation shall be null, void, and of no further effect and the Parties shall be returned to the status quo that existed before this Stipulation was executed.

5. 397 and Prompt represent and warrant that they have not assigned any Claim(s) that they have or may have against the Debtor or the Debtor's estate to any person or entity, including, but not limited to, any claims or rights that they have or may have to the proceeds of the Property.

6. This Stipulation shall enure to the benefit of, and be binding upon, the heirs, successors and assigns of the Parties hereto.

7. This Stipulation constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein, and this Stipulation may not be altered,

amended, or modified except by a writing duly executed by the Parties hereto or their successors in interest.

8. Each of the Parties hereto represents and warrants that such Party has been represented and advised by counsel or has had full opportunity to be represented and advised by counsel with respect to this Stipulation and all matters covered herein.

9. Facsimile or PDF signatures are acceptable, and this Stipulation may be signed in counterparts, all of which taken together shall constitute an entire original.

10. Each of the undersigned attorneys represents and warrants that they are authorized to execute this Stipulation on behalf of their respective clients.

11. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and the laws of the State of New York.

12. Any dispute arising out of or relating to this Stipulation or any of the claims being settled hereunder shall be within the exclusive jurisdiction of the Bankruptcy Court.

### [SIGNATURE PAGE TO FOLLOW]

- 7 -

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed as of the day and year first above written.

| | |
|---|---|
| Dated: New York, New York<br>November 14, 2019 | Dated: New York, New York<br>November 14, 2019 |
| AKERMAN LLP | DAVID H. SINGER & ASSOCIATES, LLP |
| By:  */s/John P. Campo*<br>        John P. Campo<br>        Darryl R. Graham<br>        666 Fifth Avenue, 20th Floor<br>        New York, NY 10103<br>        Tel.: (212) 880-3800<br>        Fax: (212) 880-8965<br>        E-mail: john.campo@akerman.com<br>        E-mail: darryl.graham@akerman.com | By:  */s/Christopher S. McCann*<br>        David H. Singer<br>        Christopher S. McCann<br>        233 Broadway, Ste. 810<br>        New York, New York  10279<br>        Tel No. (212) 233-8800<br>        E-mail: ds225522@aol.com |
| *Counsel for the Plaintiff/Trustee* | *Counsel for 397 Realty and Prompt* |